# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**TIMOTHY OLGUIN,**

    **Plaintiff,**

**v.**                                                                                                                        **No. 18-cv-0370 SMV**

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse or Remand the Administrative Decision [Doc. 18] and his Memorandum Brief in Support [Doc. 19] (collectively, "Motion"), filed on October 30, 2018. The Commissioner responded on December 31, 2018. [Doc. 21]. Plaintiff replied on January 22, 2019. [Doc. 22]. The parties have consented to my entering final judgment in this case. [Doc. 11]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") erred in failing to obtain a consultative examination ("CE") to assess the extent of Plaintiff's alleged cognitive impairment. Accordingly, the Motion will be GRANTED, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (2018) (sentence four).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981; 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

**Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the "Listings"[2] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

**Procedural Background**

Plaintiff was born on December 21, 1965. Tr. 196. He alleges that he cannot work due to a combination of mental and physical problems. On May 28, 2014, Plaintiff applied for a period of disability and disability insurance benefits. Tr. 196. He then applied for supplemental security income on July 28, 2014. Tr. 198. Plaintiff alleged a disability-onset date of November 28, 2013. Tr. 196, 198.

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

3

ALJ Doug Gabbard, II, held a hearing on December 20, 2016, in McAlester, Oklahoma. Tr. 10, 43. In advance of the hearing, Plaintiff's attorney submitted a thorough brief and written request for a consultative psychological examination. Tr. 371–86. Counsel specifically requested IQ testing to determine the extent of Plaintiff's cognitive impairment. *Id.* It does not appear that the ALJ ever ruled on the request, but in any event, the ALJ did not order a CE.

Plaintiff appeared at the hearing as scheduled by video conference from Albuquerque, New Mexico, with his attorney. *Id.* The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Diana L. Kizer, who testified in person in McAlester. Tr. 43.

The ALJ issued his unfavorable decision on February 14, 2017. Tr. 10–24. At step one he found that Plaintiff had not engaged in substantial gainful activity ("SGA") since his alleged onset date. Tr. 12. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "status post light pelvis fracture, phlebitis, depression, posttraumatic stress disorder (PTSD), and substance addiction disorder (alcohol)." *Id.* The ALJ also found that Plaintiff's hypertension, hypothyroidism, cellulitis of the left food, obstructive sleep, obesity, and problems with the right elbow were not severe. Tr. 13. The ALJ did not address any cognitive impairment at step two. *See id.*

At step three the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 13–15. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 15–22. The ALJ found that Plaintiff had:

> the [RFC] to perform light work as defined in 20 [C.F.R. §§ 404.1567(b) and 416.967(b) with occasional climbing of ramps/stairs but no climbing of ladders/ropes/scaffolds; frequent balancing; occasional stooping, kneeling, crouching, and crawling; he must avoid concentrated exposure to hazards such as open flames, unprotected heights, and dangerous moving machinery; and he must be allowed to alternately sit and stand every 30 minutes throughout the workday for the purpose of changing positions but without leaving the workstation. In addition, he is limited to unskilled work which is simple, repetitive, and routine; his supervision must be simple, direct, concrete, and uncritical; he will do best in a work setting where he can frequently work alone; interpersonal contact with supervisors and coworkers must be incidental to the work performed, e.g. assembly work; he must not be required to work at fast-paced production line speeds; he should have only occasional workplace changes; he must have normal, regular work breaks; and he should have no contact with the general public.

Tr. 15.

At step four the ALJ found that Plaintiff was unable to perform past relevant work as a stock clerk, cashier, storage facility rental clerk, or fast food worker. Tr. 22. Accordingly, the ALJ went on to consider Plaintiff's RFC, age, education, work experience, and the testimony of the VE at step five. Tr. 22–24. He found that Plaintiff could perform work that exists in significant numbers in the national economy and, therefore, was not disabled. Tr. 23–24. The Appeals Council denied review on April 6, 2018. Tr. 1–3. Plaintiff timely filed the instant action on April 19, 2018. [Doc. 1].

## **Analysis**

Plaintiff argues that remand is warranted for development of the record on the extent of his alleged cognitive impairment. Under the circumstances of this case, the Court agrees. The Court declines to address Plaintiff's other allegations of error at this time because they may be rendered moot by adequate development of the record.

5

<u>The ALJ failed to adequately develop the record
as to the extent of Plaintiff's alleged cognitive impairment.</u>

In social security cases, the claimant bears the burden of proving he is disabled. "[T]he claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists." *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997) (citations omitted); *see* 20 C.F.R. §§ 404.1529(b) and 416.929(b). However, administrative social security hearings are non-adversarial, and ALJs are responsible for developing adequate records on the issues raised. *Maes*, 522 F.3d at 1096.

The Tenth Circuit has not specified what quantum of evidence would require an ALJ to order a CE. On the one hand, the ALJ has "broad latitude" in deciding whether to order a CE. *Id.* at 1166. On the other hand, it is clear that the ALJ's duty to develop the record is triggered when: (1) "there is a *direct conflict* in the medical evidence requiring resolution"; (2) "the medical evidence in the record is *inconclusive*"; or (3) "*additional tests are required to explain* a diagnosis already contained in the record." *Id.* (emphases added). The *Hawkins* court went on to explain:

> [T]he starting place must be the presence of some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation. Isolated and unsupported comments by the claimant are insufficient, by themselves, to raise the suspicion of the existence of a nonexertional impairment. The ALJ does not have to exhaust every possible line of inquiry in an attempt to pursue every potential line of questioning. The standard is one of reasonable good judgment.

*Id.* at 1167–68 (citation omitted).

Here, Plaintiff argues that the following portions of the record evidence a "reasonable possibility" that he suffers from a severe cognitive impairment that affects his ability to work, [Doc. 19] at 9–10, which compelled the ALJ to order a CE:

- Letter dated January 25, 2016, from licensed alcohol and drug-addiction counselor ("LCDAC") Don Smith, indicating that Plaintiff was born with fetal alcohol syndrome, and that his "cognitive and social problems . . . have increased over time." The letter further noted counselor Smith's opinion that Plaintiff's mental impairments, including problems with concentration and memory, limited his functioning and his ability to earn a living. Tr. 842.

- Letter dated September 13, 2013, from licensed professional clinical counselor ("LPCC") and registered nurse ("RN") Mary Snyder to the Disability Resource Center at Central New Mexico Community College, explaining that Plaintiff had, among other problems, "cognitive issues" and, thus, would benefit from "help with the disability services." Counselor Snyder also indicated that Plaintiff might "need more time to take tests and could benefit from tutoring help." Tr. 405.

- Questionnaires dated September 24, 2015, and September 28, 2015, by Yvonne Moghadam, licensed substance abuse associate counselor ("LSAA") and licensed mental health counselor ("LMHC) and by Ashley Herrera, LMHC, respectively. Plaintiff argues (and Defendant does not dispute) that these questionnaires, if accepted by a fact-finder would establish that Plaintiff's mental impairment fulfills the criteria of the Listings of Impairments under § 12.02 Organic Mental Disorder. Both questionnaires noted marked impairment in the ability to maintain attention and concentration for extended periods of time. Tr. 784–90, 792–98.

- Plaintiff's testimony at the hearing that he had been in special education classes throughout his schooling and that he cannot read beyond a third grade level (e.g., he cannot read a newspaper and does not attempt to read menus). Tr. 51.

Defendant responds in opposition on two grounds, which are discussed in order of analytical convenience. First, Defendant argues that the evidence cited by Plaintiff is not "objective" and, thus, did not trigger the ALJ's duty to develop the record. [Doc. 21] at 6.

Defendant argues that Plaintiff's testimony is merely "self-serving," and that the documents from his counselors are equivocal and unsupported by any "objective findings." *Id.* Under the circumstances of this case, the Court disagrees. There was enough objective evidence in the record to trigger the ALJ's duty to order a CE.

This case stands in contrast to, for example, *Brock v. Chater*. 84 F.3d 726 (5th Cir. 1996). In *Brock* (which was discussed with approval by the Tenth Circuit in *Hawkins*, 113 F.3d at 1168), the plaintiff had written a post-hearing letter to the ALJ alleging, for the first time, that he suffered from depression and the effects of past drug abuse and arguing that he should have received a CE. However, his only references to depression and drug abuse were made in the post-hearing letter. The plaintiff had not mentioned non-exertional impairments in his original request for benefits; he never sought medical treatment for such impairments; and he did not mention these impairments at his hearing. *Brock*, 84 F.3d at 78. The Fifth Circuit found that the allegation was an unsupported and isolated comment and, thus, was insufficient to require a CE. *Id.*

Here, the evidence of Plaintiff's cognitive problems is more substantial than in *Brock*. For example, Plaintiff worked approximately 36 jobs in the past 15 years. *See* [Doc. 19] at 2. He testified that he had been in special education all his life and could not read well enough to understand a newspaper. Tr. 51. The Social Security Administration employee who assisted Plaintiff in completing his applications for benefits noted that Plaintiff had difficulty understanding the process and that questions had to be rephrased for him. *See* Tr. 14.

Moreover, the Court notes that both of the non-examining physicians at the initial and reconsideration levels agreed that the evidence of Plaintiff's mental functioning was not sufficient

to make a disability determination. Both agreed that a CE was required.[3] Tr. 93–95, 103–06, 116–19. The Court also agrees; remand is required for development of the record.

Defendant's second argument is that Plaintiff's cognitive limitations are accounted for in the ALJ's decision, and thus, Plaintiff was not harmed by the lack of a CE. [Doc. 21] at 4 ("[T]he ALJ did not doubt that Plaintiff had cognitive limitations."). Defendant points out that the ALJ considered Plaintiff's cognitive issues and assessed resultant functional limitations at step three and in assessing his RFC. *Id.* Accordingly, as Defendant sees it, even if the ALJ should have ordered a CE, Plaintiff was not harmed by his failure to do so. *Id.* at 5. The Court is not persuaded.

Defendant's argument might hold water if the alleged error were merely a failure to find a severe cognitive impairment at step two. *See, e.g., Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("[A]ny error [at step two] became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."). But that is not the issue here. Defendant cites no case applying the harmless error standard to an established failure to develop the record (as there is here), and the Court has searched in vain for such a case. More to the point, though, the evidence of Plaintiff's mental functioning in this administrative record requires further development. The ALJ's RFC assessment (including a limitation to unskilled work) does not change the result.

---

[3] The ALJ essentially rejected their opinions (that a CE was required) because they had not had the benefit of the ongoing mental health treatment records from Plaintiff's counselors. Tr. 21. The implication is that the counselors' records were adequate to make a disability determination, and thus, no CE was needed. However, the ALJ then rejected the counselors' opinions (at least in part) because they were not acceptable medical sources. Tr. 21–22. If the ALJ was not satisfied with the counselors' opinions on the ground that they were not physicians, then the Court fails to see why he would not send Plaintiff to a physician (i.e., order a CE). The ALJ's decision sheds no light on this contradiction. The Court must be clear that the ALJ—not a physician—is charged with determining the RFC, *see, e.g.,* SSR 96-5p, 1996 SSR LEXIS 2, at *10, 1996 WL 374183, at *5 (describing the distinction between a medical or psychological opinion as to a claimant's functional limitations and the RFC assessment, which is reserved to the ALJ), and in general, an ALJ may assesses an RFC without any physician's opinion. However, here, the evidence was inconclusive; a CE was required.

**Conclusion**

Remand is warranted for development of the record on the extent of Plaintiff's alleged cognitive impairment. Adequate development of the record may render moot Plaintiff's other alleged errors. Accordingly, the Court declines to address them at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse or Remand the Administrative Decision [Doc. 18] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion. *See* § 405(g) (sentence four).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**